THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* OSCAR GUILLERMO ARTEAGA, Defendant and Appellant.

No. 14041. Argued November 17, 1949.—Decided December 13, 1949.

*Benjamín Ortiz* for appellant.   *Vicente Géigel Polanco, Attorney General (Carlos Santana Becerra, Acting Attorney General on the brief), J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Seven informations filed against Oscar Guillermo Arteaga for the crime of embezzlement charge him, essentially, with having appropriated certain sums of money entrusted to him by Pan American Airways, and having converted them to his own benefit.   Upon the cases being heard together, the lower court dismissed one of them at the request of the prosecuting attorney and found him guilty as to the others, sentencing him in each case to five months in jail, said sentences to be served concurrently.   Feeling aggrieved, the defendant has appealed.   He maintains that the lower court committed error:   (1) in rendering judgment of conviction, since the evidence was not sufficient to constitute the crime of embezzlement;   (2) in deciding implicitly that the circumstantial evidence introduced was sufficient in law to support his conviction;   (3) in rendering the judgments, inasmuch as the evidence showed that the persons or entities owners of the money which was allegedly appropriated by him, are persons or entities other than those mentioned in the information;   (4) in rendering judgment of conviction, notwithstanding the fact that the evidence showed exclusively the commission of a crime of petit larceny and not of embezzlement;   (5) in rendering judgment of conviction on evidence

insufficient to constitute the crime charged; and (6) in giving credence to different parts of the testimony of the witnesses for the prosecution.

██ As we have seen the errors assigned by the appellant are almost entirely directed to the weighing of the evidence by the lower court. We shall set forth the evidence briefly. The evidence for The People tended to show that on the dates mentioned in the informations the defendant was an employee of Pan American Airways, in San Juan, one of his duties being to receive the money collected proceeding from the C.O.D. packages and to deliver it to Iraida García, cashier of Pan American Airways in the same office; that the money mentioned in the informations was delivered to the defendant directly by the consignee of the merchandise in one case, and in the others by the chauffeurs who delivered the packages to the respective consignees; that the amounts thus received by the appellant were not delivered by him to the cashier nor were they covered by him in any way whatever into his employer's funds; that the drawer wherein the money was kept had two keys, which were in defendant Arteaga's possession from February 1 to April 19, 1947; that the small steel box in which money was also kept had only one key, which was in Arteaga's possession; that some originals of the delivery sheets on which the delivered merchandise was set forth, disappeared mysteriously; and that the defendant had not prepared the inter-office cash reports during the period between January 20 and March 24, 1947, as was his duty.[1] Defendant's evidence, consisting in his own testimony, was to the effect that he did not receive such sums; that in the office there was a wooden drawer and a small steel box, wherein the money received was put, and that said small box was in its turn kept in the evening in a safe; that he as well as other employees had keys for the drawer and for the

---

[1] It was alleged in the informations that the crimes were committed on different dates during February and March, 1947.

small box; that cashier García as well as his immediate superior, Mr. Sumner, knew the combination of the safe; that when for any reason he went out or was absent from the office, other persons opened said small boxes and the safe; that he discontinued the inter-office cash reports after consulting with the cashier; and that he never destroyed or caused any delivery sheets to disappear.

On that evidence, as we have indicated, the court found him guilty in six of the seven cases.

The weighing of the evidence, as we have repeatedly held, is a question entirely resting on the sound discretion of the trial court and we will not disturb said weighing unless we are convinced that the court *a quo* committed manifest error or acted under the influence of passion, prejudice or partiality. *People* v. *Santos,* 67 P.R.R. 610, 613. In the case at bar the record discloses sufficient evidence to support the judgments rendered and it has not been alleged or proved, on the other hand, that the court acted under the influence of passion, prejudice or partiality.

██ We accept as correct defendant's theory that where a criminal charge is sought to be proved by circumstantial evidence, the proof must be not only consistent with the guilt of the defendant, but inconsistent with any other rational supposition of the innocence of the accused. *People* v. *Sánchez,* 55 P.R.R. 342; *People* v. *Quintana,* 44 P.R.R. 37; *People* v. *Nevárez,* 10 P.R.R. 91. However, in addition to the circumstantial evidence, there was sufficient direct evidence to support the conclusion reached by the lower court. Hence, it is unnecessary to discuss the circumstantial evidence adduced in order to determine whether the principle established is applicable to the present case.

██ The evidence did not show that the amounts received by the defendant belonged to third persons. On the contrary, it did reveal that said amounts were delivered to him as proceeds from packages received by his employer, Pan American

Airways, upon their being delivered to the consignees. Once the appellant received that money, it did not belong to the consignees nor to the senders of the packages delivered. It then belonged to his employer, Pan American Airways, which from the very moment that the defendant received the money, became a debtor of the senders in the amount that it should forward them, after deducting the transportation expenses it charged. Be it as it may, it is undeniable that at least the value of the transportation expenses belonged to Pan American Airways. Cf. 29 C.J.S. § 37, pp. 726, 727.

It is likewise unquestionable that when the sums in question were delivered to him, the defendant took lawful possession thereof.[2] Under those circumstances the crime committed was that of embezzlement and not larceny. See *People* v. *Ríos*, 69 P.R.R. 774; *People* v. *Flores*, 48 P.R.R. 572, 574; 146 A.L.R. 532; 18 Am. Jur., § 12, p. 577; 29 C.J.S., § 4, p. 672.

Since none of the errors assigned were committed, the judgments appealed from will be affirmed.

---

[2] Sections 426 and 445 of the Penal Code define the crimes of larceny and embezzlement, thus:

"Section 426.—Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another."

"Section 445.—Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted."